6/9/2022 1:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65290004
By: Monica Jackson
Filed: 6/9/2022 1:01 PM

**2022-34588 / Court: 270**

CAUSE NO. _____

| | | |
|---|---|---|
| **MAGDALENO GUERRERO** | § § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § § | |
| v. | § § | **HARRIS COUNTY, TEXAS** |
| **FIESTA MART, L.L.C.** | § § | |
| *Defendant.* | § § | \_\_\_\_ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Magdaleno Guerrero (hereinafter, "Plaintiff") complains of Defendant, Fiesta Mart, L.L.C, (hereinafter, "Defendant"), and would respectfully show the Court that:

### Discovery Control Plan

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks only monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs. Plaintiff further demands judgment for all other relief to which Plaintiff is justly entitled. The damages sought are within the jurisdiction limits of this Court.

4. Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000.00.

## Parties

4. Plaintiff is an individual residing in Harris County, Texas.

5. Defendant, Fiesta Mart, L.L.C (hereinafter "Fiesta"), is a domestic limited partnership, organized under the laws of Texas. Defendant may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## Facts

6. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about May 5, 2022. At that time, Plaintiff was an invitee at Defendant's grocery store at 7510 Belfort Ave. Houston Tx 77011. Plaintiff was walking towards the cash register when he slipped and fell on a puddle water. Plaintiff was helped by one of the employees who acknowledge that she knew the water was on the floor. The fall on the ground caused Plaintiff to suffer severe injuries to his left knee, hip and leg. There were no warning signs present or any other signs of caution near the area where the incident occurred. Plaintiff was not aware of the dangerous and defective condition.

## Premises Liability/Negligence - Fiesta

7. At the time of the incident in question, Plaintiff was an invitee of the Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

8. Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to

2

inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

9. Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

   a. Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

   b. Failure to inspect the premises where the dangerous condition existed;

   c. Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

   d. Failure to inform Plaintiff of the dangerous condition existing on the premises; and

   e. Other acts deemed negligent.

10. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

11. Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

## Damages

12. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

13. By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

   a. Past and future medical expenses;

   b. Past and future pain, suffering and mental anguish;

   c. Past and future physical impairment;

   d. Past and future physical disfigurement; and

   e. Past lost wages and future loss of earning capacity.

14.     By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

## Disclosures

15.     Pursuant to Rule 194(a), Tex. R. Civ. P., Defendant must disclose, within thirty days of filing an answer or general appearance, the information and materials described in Texas Rules of Civil Procedure194.2, 194.3. and 194.4.

## Rule 193.7 Notice

16.     Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Prayer

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which he may be justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Jesus A. Salinas*
Jesus A. Salinas
Texas State Bar No. 24106387
440 Louisiana Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Orianny Martinez on behalf of John Daspit
Bar No. 24048906
omartinez@daspitlaw.com
Envelope ID: 65290004
Status as of 6/9/2022 1:19 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| DLF Intake | | intake@daspitlaw.com | 6/9/2022 1:01:47 PM | SENT |
| John Daspit | | e-service@daspitlaw.com | 6/9/2022 1:01:47 PM | SENT |
| Jesus Salinas | | jesus@daspitlaw.com | 6/9/2022 1:01:47 PM | SENT |
| Orianny Martinez | | omartinez@daspitlaw.com | 6/9/2022 1:01:47 PM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 6/9/2022 1:01:47 PM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 6/9/2022 1:01:47 PM | SENT |

7/7/2022 4:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66119658
By: R PENA
Filed: 7/7/2022 4:31 PM

## CAUSE NO. 2022-34588

| | | |
|---|---|---|
| **MAGDALENO GUERRERO** | § § | **IN THE DISTRICT COURT OF** |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| **FIESTA MART, L.L.C.** | § | **270TH JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **FIESTA MART, L.L.C.**, Defendant in the above-entitled and numbered cause, and files its Original Answer to Plaintiff's Original Petition on file herein, and would respectfully show unto the Court the following:

## GENERAL DENIAL

1. Defendant denies each and every, all and singular, the allegations in Plaintiff's Petition contained herein, and demands strict proof thereof, at this time asserting a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that the Court and Jury require the Plaintiff to prove her claims, charges and allegations by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that upon trial hereof, it has Judgment and that it be adjudged that the Plaintiff take nothing by reason of her suit, and that the Defendant be discharged and go hence without delay and recover of and from the Plaintiff all the costs that it has so unduly expended, and for such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled, and for all of which it will ever pray.

Respectfully submitted,

**RAMSEY & MURRAY, P.C.**

By: _____
Craig M. Shivers, Jr.
SBOT No. 24033064
cshivers@ramseyandmurray.com
Wayne Walters
SBOT No. 24029333
walters@ramseyandmurray.com
800 Gessner, Suite 325
Houston, Texas 77024
(713) 613-5400
(713) 613-5414 – FAX
Attorneys for Defendant,
**FIESTA MART, L.L.C.**

## CERTIFICATE OF SERVICE

    I do hereby certify that on this the 7th day of July 2022, a true and correct copy of the above and foregoing instrument was served electronically on all parties of record, and that the original was promptly filed with the District Clerk's Office, together with this Certificate of Service.

_____
Craig M. Shivers, Jr.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Karen Lynn on behalf of Craig Shivers
Bar No. 24033064
lynn@ramseyandmurray.com
Envelope ID: 66119658
Status as of 7/7/2022 4:37 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| DLF Intake | | intake@daspitlaw.com | 7/7/2022 4:31:02 PM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 7/7/2022 4:31:02 PM | SENT |
| Jesus Salinas | | jesus@daspitlaw.com | 7/7/2022 4:31:02 PM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 7/7/2022 4:31:02 PM | SENT |
| John Daspit | | e-service@daspitlaw.com | 7/7/2022 4:31:02 PM | SENT |
| Orianny Martinez | | omartinez@daspitlaw.com | 7/7/2022 4:31:02 PM | SENT |
| Wayne Walters | | walters@ramseyandmurray.com | 7/7/2022 4:31:02 PM | SENT |
| Corinne Rogers | | rogers@ramseyandmurray.com | 7/7/2022 4:31:02 PM | SENT |
| Craig M.Shivers, Jr. | | cshivers@ramseyandmurray.com | 7/7/2022 4:31:02 PM | SENT |